IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**YOLANDA WELCH ATKINS**,

*Plaintiff*,

v.

**PHILLIP MCGUIRE, et al.**,

*Defendants*.

CAUSE NO. 3:21-CV-810-CWR-FKB

## ORDER

Two claims remain in this civil action: (1) Plaintiff Yolanda Welch Atkins' First Amendment retaliation claim against Defendant Patrick Hopkins, and (2) Atkins' state conspiracy claim, which the Court construes as one brought against the individual Defendants. The parties fully briefed the issues and presented oral argument at a hearing.

With appreciation for the parties' patience, the Court now resolves each claim below. As a result, the motion for summary judgment will be granted in part and denied in part.

**I.   First Amendment Retaliation Against Hopkins**

The Court previously deferred ruling on this claim. Concerned that the Defendants' motion did not "seek judgment on the[ir] *Mt. Healthy* defense," the Court requested supplemental briefing on whether "the Defendants advanced Step Two sufficiently to secure judgment on their affirmative defense." Docket No. 62 at 22.

Hopkins' supplemental brief begins by recharacterizing the question. It first says that as an individual Alderman, he "ha[d] no authority to take employment action against Atkins alone." Docket No. 63 at 1 (citing *Owens v. City of Flowood, Miss.*, No. 3:16-CV-451-CWR-LRA,

2017 WL 368725, at *2 (S.D. Miss. Jan. 23, 2017)). That may be true, but it is not dispositive. It incorrectly conflates *authority* with *liability*. What follows will attempt to explain.

In 2017, when Hopkins' proffered decision was rendered, many federal courts thought that a government official's lack of final decision-making *authority* necessarily meant that the official "cannot be held individually *liable* under § 1983." *Owens*, 2017 WL 368725, at *2 (adding italics and referencing, among other cases, *Johnson v. Louisiana*, 369 F.3d 826, 831 (5th Cir. 2004)). In 2018, however, the Fifth Circuit set us straight.

Cases like *Johnson v. Louisiana* had "ignored" the "contrary and precedential position that an individual is liable for First Amendment retaliation if her unlawful conduct is a link in the causal chain that resulted in the plaintiff's firing." *Sims v. City of Madisonville*, 894 F.3d 632, 640 (5th Cir. 2018). "We now provide the overdue clarification," the court explained: "*Johnson*'s absolute bar on First Amendment liability for those who are not final decisionmakers is not binding." *Id.* at 641.

From 2018-onward, then, it was settled that an "individual [government official] may be liable even if she is not the final decisionmaker." *Id.* at 639 (citation omitted). So it no longer matters that Hopkins, acting alone, lacked total authority to fire Atkins. The question is whether he was a link in the causal chain. The evidence indicates that he was. Docket No. 62.

Hopkins next points to Fifth Circuit and district court cases from 1991, 2000, and 2007 for the proposition that *Mt. Healthy* applies only to official-capacity defendants, rather than individual defendants. "Undersigned counsel is unaware of authority carrying over *Mt. Healthy* to individual-liability determinations." Docket No. 63 at 1. But such authority is abundant. *See Haverda v. Hays Cnty.*, 723 F.3d 586, 595-97 (5th Cir. 2013); *Hitt v. Connell*, 301 F.3d 240, 249 (5th Cir. 2002); *Click v. Copeland*, 970 F.2d 106, 113-14 (5th Cir. 1992); *Reeves v.*

*Claiborne Cnty. Bd. of Educ.*, 828 F.2d 1096, 1099, 1103 (5th Cir. 1987); *United Carolina Bank v. Bd. of Regents of Stephen F. Austin State Univ.*, 665 F.2d 553, 561-62 (5th Cir. 1982); *Johnson v. San Jacinto Jr. Coll.*, 498 F. Supp. 555, 578-80 (S.D. Tex. 1980). In fact, one of Hopkins' cited cases sends an individual-capacity claim to trial after applying *Mt. Healthy*. *See Murphy v. Butler*, 512 F. Supp. 2d 975, 986, 989 (S.D. Tex. 2007). We will move on.

Hopkins then presses that "his singular vote cannot be separated from the collective vote," and urges the Court to follow an unpublished Third Circuit decision holding that if "a majority of defendants acted adversely to the plaintiff on legitimate grounds," then "all" defendants can escape individual liability—even the bad actors. Docket No. 63 at 2 (quoting *Watson v. Borough of Susquehanna*, 532 F. App'x 233, 236 (3d Cir. 2013)). Such a holding, though, violates *Sims*. The law of this Circuit asks whether the individual "is a link in the causal chain." *Sims*, 894 F.3d at 640. And it seems unwise to immunize rogue officials who violate the Constitution, simply because their colleagues do the right thing.

Hopkins concludes by asserting that he would be entitled to summary judgment under a *Mt. Healthy* affirmative defense, and that evidence he withheld from his motion for summary judgment proves a lack of causation. Docket No. 63 at 2. These are requests for a do-over. If Hopkins and his colleagues wished to reach that step of the analysis—if they genuinely sought "to prove by a preponderance of the evidence that [they] would have reached the same adverse employment decision even in the absence of the protected conduct"—they could have done so in their original motion. Docket No. 62 at 21 (quoting *Walton v. Powell*, 821 F.3d 1204, 1211 (10th Cir. 2016)). They did not.

Most defendants secure summary judgment by pointing out a lack of evidence on essential elements of their opponent's claim. That is what these defendants tried. The relevant

3

part of their brief seeking summary judgment on the plaintiff's individual claims used the words "there is no evidence" five times on a single page. Docket No. 49 at 16. But there is a fundamental difference between observing your opponent's lack of evidence and seeking summary judgment on your own affirmative defense. The procedures can be combined, to be sure. Defendants routinely argue things like, "in the alternative, even if the Court finds sufficient evidence on the plaintiff's *prima facie* case, we are entitled to summary judgment on our affirmative defense . . . ." That was not done here.

For the reasons detailed in the Court's prior Order, then, the plaintiff's First Amendment retaliation claim against Hopkins must be tried before a jury.

## II. State Conspiracy Against All Defendants

As summarized before, Atkins seeks to circumvent the Mississippi Tort Claims Act's notice of claim requirement by arguing that the defendants acted with malice. Docket No. 62 at 24. Malice is "an objective state of mind which may be inferred if the plaintiff demonstrates that the defendant acted with ruthless or reckless disregard for the plaintiff's rights." *Moore v. Carroll Cnty., Miss.*, 960 F. Supp. 1084, 1091 (N.D. Miss. 1997) (collecting cases).

On this record, the Court sees legally-insufficient evidence to support a conclusion that the defendants acted with malice. Accordingly, the motion is granted on this claim.

## III. Conclusion

The motion for summary judgment is granted in part and denied in part. To protect Hopkins' right to take an interlocutory appeal, no trial setting will issue at this time.

**SO ORDERED**, this the 5th day of January, 2024.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE